UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| Abi Roy Dubitzky a/k/a Roy Miller,<br><br>    Plaintiff,<br>v.<br><br>Google LLC,<br><br>    Defendant. | Civil Action No.: 1:23-cv-20726-PCH |

**DEFENDANT GOOGLE LLC'S RULE 12(B)(6) MOTION TO DISMISS
PLAINTIFF'S COMPLAINT, WITH MEMORANDUM OF LAW IN SUPPORT**

Defendant Google LLC ("***Google***") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Abi Roy Dubitzky's a/k/a Roy Miller's ("***Plaintiff***") Complaint, with prejudice.

## INTRODUCTION

Plaintiff sued Google in Miami-Dade County Court asserting a claim for "ownership of Intellectual Property", asking the court to declare Plaintiff's registered copyrights valid, further declare that Google cannot consider "fair use" in assessing Plaintiff's "take-down notices," and seeking monetary damages. Google removed the case to this Court[1], and now asks that the Complaint be dismissed as the claims are conclusory, preempted and baseless.

In short, the Complaint asks for an advisory opinion, as Plaintiff has no actual legal dispute with Google.[2] Instead, this dispute stems from Plaintiff peppering Google with takedown notices

---

[1] Google properly removed this case to this Court pursuant to the exclusive jurisdiction of federal courts over cases arising under the United States Copyright Act, 17 U.S.C. § 301. *See* ECF No. 1.
[2] Plaintiff has pursued numerous third-parties in Miami-Dade County Court on state law claims for content found on third-party websites, often naming but then dismissing Google. *See Dubitzky vs. Horton*, No. 2015-006940-CA-01 (contract claim against Horton; claim against Google abandoned after Google intervened in case); *Dubitzky vs. Google, Inc.*, No. 2015-013625-SP-05 (stipulated dismissal of defamation, libel and negligence claims after Google moved to dismiss).

under the Digital Millennium Copyright Act ("**DMCA**") due to alleged online infringements by third-parties. Unhappy with the pace and outcome of his takedown efforts, Plaintiff sued Google, instead of these third-parties, with the obvious intent of altering the DMCA statutory regime to his sole benefit.

This is improper, and the Court cannot grant Plaintiff the relief he seeks. First, Plaintiff's state law claims are preempted by the U.S. Copyright Act. Second, to the extent Plaintiff wishes to proceed under the federal Declaratory Judgment Act, the claim fails as Plaintiff seeks an advisory opinion where there is no "actual case or controversy" between the parties. Third, if the Complaint is construed as asserting an affirmative, non-declaratory claim, Plaintiff has no cause of action under the DMCA to prohibit Google from allegedly considering fair use in processing takedown notices, and there is no plausible claim of infringement against Google.

## LEGAL STANDARD

A complaint's factual allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2007) (cleaned up). Although well-pleaded fact allegations must be accepted as true, the Court need not accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The Court primarily considers the allegations, but can also consider the exhibits, documents referenced in the complaint, and may take judicial notice of matters of public record without converting the motion into one for summary judgment. *E.g.*, *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010). If the exhibits or referenced documents contradict the complaint's allegations, the documents control. *E.g.*, *F.T.C. v. AbbVie Prods. LLC*,

713 F.3d 54, 63 (11th Cir. 2013) (specific facts shown by exhibits control over general or conclusory allegations). Although *pro se* pleadings are liberally construed and not held to the same stringent standard as attorney prepared pleadings, they must still set forth a factual basis for a claim, and the Court cannot serve as *de facto* counsel for Plaintiff or permit him to rewrite a deficient Complaint. *E.g.*, *Jackson v. JPay, Inc.*, 851 F. App'x 171, 172 (11th Cir. 2021).

## RELEVANT FACTS

**A.     The Complaint.**

The Complaint sought declaratory and monetary relief in Miami-Dade County Court, styled as an "action for ownership of Intellectual Property." (Compl., Dkt. 1-1 at pp. 12-24; Civil Cover Sheet, Dkt. 1-1 at p.10.) As to declaratory relief, Plaintiff sought: 1) a declaration that he is the owner of valid copyrights in certain works; and 2) another declaration that Google cannot consider fair use as a factor when considering taking action on his DMCA takedown notices. (*Id.*, ¶¶ 11-12.) As to monetary relief, Plaintiff sought $200 plus court costs for Google's alleged non-action on his DMCA takedown notices. (*Id.*, ¶ 10.) While the claims appear to be based on Florida law, each claim is necessarily based on the application of the Copyright Act.

As pleaded, Plaintiff's Complaint alleges he owns registered copyrights in photographs and videos as reflected by U.S. Reg. Nos. VAu001193056 (visual material titled "Surprise Party") and Pau003798351 (motion picture titled "Videos of People being arrested in Israel"). (Compl., ¶¶ 2-4 & Exs. A-B.) Plaintiff broadly alleges that he submitted DMCA takedown notices to Google requesting removal of links to his works from unidentified Google search engine results, but that Google sometimes disputes his copyright ownership in response to his DMCA notices. (*Id.*, ¶ 5.)

The first takedown notice identified by Plaintiff, however, is only alluded to through two Google response emails ("**Google Emails**"). (Compl., ¶ 6 and Ex C.) These Google Emails listed two URLs which Plaintiff allegedly identified as containing infringing content:

1. https://avi-dubitzky.info/%D7%90%D7%91%D7%99%D7%93%D7%95%D7%91%D7%99%D7%A6%D7%A7%D7%99-avi-dubitzky/ ("**URL 1**"); and

2. https://avi-dubitzky.info/wp-content/uploads/sites/8/2018/10/small-katin-1.jpeg ("**URL 2**").

(*Id.*)[3] URL 1 is not an active webpage. URL 2 is a webpage that displays a photograph, but the Complaint does not show which registration is allegedly infringed by the specific image on the URL. (Screenshots of URLs, attached as Tab 2.) The two cited Google Emails state that Google is concerned Plaintiff's notice is not valid for the two URLs, and Google further suggests that Plaintiff contact the webmaster responsible for those sites. (Compl., ¶ 5 & Ex. C.) Plaintiff claims he responded to Google by sending his copyright registration, but nowhere does he identify how the URLs actually infringe his registrations. (*Id.*)[4]

The second takedown notice identified in the Complaint does not identify any facts at all other than that Google declined to take action on an unidentified takedown notice because the specific URL appeared to be making a fair use of the content. (Compl., ¶ 8 & Ex. E.)[5]

---

[3] The URLs themselves and publicly available WHOIS registration information for the <avi-dubitzky.info> domain name confirm Google is not the registrant, registrar, or hosting service for these URLs. (*See* Tab 1). The Court may take judicial notice of the WHOIS domain information. *See Caribbean Weddings, Inc. v. Caribbean Wedding Ass'n*, 2009 WL 10667630, *3 (S.D. Fla. Sept. 8, 2009).

[4] Plaintiff alleges he had an attorney contact Google in October 2021 over six previous DMCA notifications. (*Id.*, ¶ 6 & Ex. D.) That letter, however, addressed URLs not at issue here, and allegedly involved fraudulent counter-notices from the accused third-party infringers. (*Id.*)

[5] The Complaint also discusses a 2020 state court declaratory judgment ruling in which non-party Elad Lazmi was ordered to stop defaming Plaintiff and to remove webpages located at 11 specified URLs. (*Id.*, ¶ 8 & Ex. F.) That case did not involve Google, the 11 URLs in that case are not at issue here, and the state court did not issue any copyright infringement rulings. (*See id.* at Ex. F.)

B. **Background On The DMCA.**

As the Complaint relies on the DMCA in making its vague claims, Google provides a brief overview. The relevant section of the DMCA for purposes of this action is the *Limitations on liability relating to material online*, codified at 17 U.S.C. § 512. This DMCA section provides online "service providers" such as Google with "safe harbors" from copyright infringement claims through a process in which: a) copyright owners may submit DMCA takedown notices identifying specific online content alleged to be infringing and requesting its removal; b) the service provider may then act on that takedown notice by informing the accused infringer responsible for the content of the takedown request and removing the content or disabling access to it; c) the accused infringer may submit a counter-notice explaining why the content is not infringing, which the service provider then provides to the copyright owner; and d) the service provider may put the content back up 10 to 14 business days after receiving the counter-notice, unless the copyright owner first files an infringement suit against the alleged infringer and notifies the service provider of the lawsuit. *See* 17 U.S.C. § 512(c)-(d), (g), (k)(1); *Opinion Corp. v. Roca Labs, Inc.*, 2016 WL 6824383, *3 (M.D. Fla. Nov. 17, 2016); *Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1147 (N.D. Cal. 2011). If the service provider complies with the DMCA regime, it is entitled to a safe harbor under which it is not liable for monetary damages for copyright infringement; otherwise the service provider is susceptible to liability for copyright infringement if there are no other defenses to such a claim and the plaintiff meets its burden of proof. 17 U.S.C. § 512(c)-(d), (g), (k)(1), & (l); *Opinion Corp.*, 2016 WL 6824383 at *3; *Shropshire*, 809 F. Supp. 2d at 1147. The Complaint and courts acknowledge that Google is a service provider under the DMCA. *E.g.*, Compl., ¶¶ 5-6, 8, 12 & Exs. C-E; *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir. 2016); *Opinion Corp.*, 2016 WL 6824383 at *3.

## ARGUMENT AND CITATION OF AUTHORITY

I. **This Action Must Be Dismissed For Failure To State A Claim Because Plaintiff's State Law Claims Are Preempted By The Copyright Act.**

The Complaint is sparse on the legal basis for its claims, but on its face appears to solely assert state-law claims, as it was filed in Florida state court. Those Florida state-law claims, however, must be dismissed for failure to state a claim as they are expressly and completely preempted by the Copyright Act.

The Copyright Act preempts all state-law claims which seek to enforce any legal or equitable rights equivalent to the exclusive rights conferred by the Act. 17 U.S.C. § 301(a); *Crow v. Wainright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983). The two-part test for this statutory preemption is met if: 1) the works at issue fall within any of the categories subject to copyright protection ("subject matter" prong); and 2) the asserted rights are equivalent to any of the exclusive rights within the general scope of copyright ("equivalent" prong). *Crow*, 720 F.2d at 1225-26.

The subject matter prong is met here because Plaintiff seeks a declaration regarding copyrights in "photos and videos", which are pictorial and audiovisual works covered under 17 U.S.C. § 102, and further seeks a declaration as to how Google must act if it wants safe harbor under the DMCA. (Compl., ¶¶ 2-3 & Exs. A-B.) The general scope prong is also met because Plaintiff's "action for ownership of Intellectual Property" asserts that he owns copyright in the works, challenges their inclusion in Google's search results because their publication on the internet was allegedly unlawful, and seeks to have Google adopt his view of the DMCA. (*Id.*, ¶¶ 4-5, 7, 9, 11-12.) *See generally Lipscher v. LPR Publ'ns, Inc.*, 266 F.3d 1305, 1311-12, 1318 (11th Cir. 2001) (Copyright Act preempts unfair competition claims based on alleged rights in copyrighted materials, but not claims based on contracts between the parties); *Graham Ins. Group, Inc. v. Statronics*, 2011 WL 13217020, *5-6, *8 (S.D. Fla. Jan. 24, 2011) (Copyright Act preempts

6

tortious interference and unfair competition claims based on alleged copying or use of copyrighted work); *Artco Group, Inc. v. Peace Arch Duty Free Shop, Inc.*, 2007 WL 9707026, *3 (S.D. Fla. Sept. 28, 2007) (Copyright Act preempted conversion claim based on alleged use of plaintiff's building plans).

This action "arises under" the Copyright Act because the Complaint seeks remedies granted by the Act, requires construction of the Act, and/or involves a distinctive policy of the Act requiring the disposition to be controlled by federal principles. *See, e.g.*, *Sullivan v. Naturalis, Inc.*, 5 F.3d 1410, 1412 (11th Cir. 1993).

"[O]nce a district court determines that a state law claim has been completely preempted and thereby assumes jurisdiction over it, the court must then dismiss the claim for failing to state a cause of action … [and the court is] not allow[ed] … to decide claims that have not actually been pleaded." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308-08 (2d Cir. 2004) (affirming dismissal of declaratory judgment and unjust enrichment claims as preempted by Copyright Act; preemption required dismissal). Thus, the Court need only conclude Plaintiff's claims are preempted to dismiss the case, and need consider nothing more.[6]

## II.     The Complaint Should Also Be Dismissed For Failure To State A Claim Because It Does Not Meet Threshold Requirements For A Declaratory Judgment.

If the Court were to construe the inadequately pleaded claims here as asking for a declaratory judgment under the Federal Declaratory Judgment Act, the Complaint must still be dismissed because there is no "actual controversy" for the Court to resolve. *See* 28 U.S.C. § 2201.

---

[6] In addition to being preempted, Plaintiff cannot rely on Florida's Declaratory Judgment Act because that does not confer any substantive rights and is only a procedural mechanism conferring subject matter jurisdiction to Florida state courts. *See Greynolds Park Club Ass'n, Inc. v. QBE Ins. Corp.*, 2011 WL 13114112, *2 (S.D. Fla. June 27, 2011).

The Declaratory Judgment Act limits courts to issuing such judgments "only in the case of an 'actual controversy.'" *Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d 1342, 1346-47 (11th Cir. 1999); *see also Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (whether a justiciable controversy exists is a threshold question for all declaratory relief actions). To meet this requirement, a complaint must allege facts showing "a substantial continuing controversy between parties having adverse legal interests." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). Such "continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* A plaintiff must therefore allege facts establishing a "substantial likelihood that he will suffer injury ***in the future***," and cannot rely on seeking damages for past harm; otherwise, the Court cannot issue a declaratory judgment. *A&M Gerber Chiro. LLC v. Geico Gen. Ins. Co.*, 925 F.3d 1205, 1210-11 (11th Cir. 2019) (emphasis added).

The Complaint does not allege an actual controversy. First, the request for a declaration that Plaintiff owns two identified copyright registration certificates is not a controversy at all. Google has neither confirmed nor disputed the authenticity of any registration documents that Plaintiff has provided, and it has not threatened to sue Plaintiff to invalidate or otherwise contest any of his alleged copyrights. *See FC Online Mktg., Inc. v. Costa,* 2014 WL 12629759, *2-3 (M.D. Fla. Oct. 10, 2014) (dismissing declaratory judgment claim for copyright ownership because defendant had not challenged ownership and plaintiff sought abstract ruling for future disputes that might arise between the parties). *Cf. Opinion Corp*, 2016 WL 6824383 at *4 (dismissing declaratory judgment claims for non-infringement and fair use given absence of case or controversy; no accusations of copyright infringement or that copyright owner threatened to pursue infringement claims against declaratory judgment plaintiff). Plaintiff's "assumption" that Google

does not recognize his copyrights is not enough to support a claim.[7] *Greynolds Park Club Ass'n*, 2011 WL 13114112 at *4 (declaratory judgment cannot be based on speculation about what other party might do).

Second, there is no adversity between Plaintiff and Google regarding either of the URLs/webpages identified in the Complaint. URL 1 is no longer active. (*See* Tab 2.) While URL 2 appears active, Google does not own or control that URL or its content. Nor has Plaintiff shown in any way how the content of that page appears in any Google search engine result (which is the only way Google could plausibly have a connection to this claim).

Third, Plaintiff's request for a declaration that Google be barred from considering copyright fair use issues when handling Plaintiff's DMCA takedown notices asks for resolution of an abstract question of law and a prohibited advisory opinion. The Complaint cites only one instance – the December 24, 2022 rejection status – where Google has allegedly cited fair use as the reason for allegedly not disabling access to Plaintiff's copyrighted content in response to a DMCA request. (Compl., ¶ 8 & Ex. E.) This one time past occurrence does not satisfy the "case or controversy" requirements of the Declaratory Judgment Act. *See Malowney*, 193 F.3d at 1348 ("Injury in the past … does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment."). Likewise, the DMCA does not give Plaintiff the ability to seek a declaratory ruling on future fair use determinations, 17 U.S.C. § 512, as any future-looking decision would be an impermissible advisory ruling. *See National Adver. Co. v. City of*

---

[7] While Plaintiff "assumes" Google has questioned his ownership because his takedown notices were not immediately granted, Exhibit C contradicts his assumption and the DMCA's takedown and counter notice statutory regime show there are a multitude of reasons any particular DMCA notice could be insufficient or rejected. *See* 17 U.S.C. § 512. In sum, Plaintiff's speculation why one of his DMCA takedown notices was rejected does not create an actual controversy with Google.

*Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005) (federal courts prevented from rendering impermissible advisory opinions in potential disputes).

In sum, there is no substantial continuing controversy or ongoing dispute between Plaintiff and Google sufficient to create jurisdiction for a declaratory ruling. Accordingly, any remaining declaratory judgment claims should be dismissed. *See Emory*, 756 F.2d at 1552 (affirming dismissal of declaratory judgment claim that failed to satisfy the actual controversy requirements).

### III. The Complaint Also Fails To State A Claim For Relief Under The Copyright Act.

Although Plaintiff is proceeding *pro se*, the Court cannot rewrite the Complaint, and should not do so here. *Jackson*, 851 F. App'x at 172. In an abundance of caution, however, if the Complaint's bare claim for monetary relief can be construed as asserting an affirmative claim under the Copyright Act, Google briefly addresses two claims alluded to by Plaintiff: 1) his assertion that Google violated the DMCA by considering fair use; and 2) copyright infringement.

#### A. Plaintiff Has No Cause Of Action Under the DMCA As A Matter of Law.

The Complaint fails to state a claim against Google for alleged violations of the DMCA because the DMCA does not create a private cause of action against Google allowing Plaintiff to seek a ruling prohibiting Google from considering fair use in responding to takedown notices.

First, as explained above, the DMCA exempts service providers from claims of copyright infringement by providing a safe harbor when the provider follows the DMCA's statutory regime in responding to takedown notices. 17 U.S.C. § 512; *Casterlow-Bey v. Google.com Inc.*, 2017 WL 6732787, *5 (W.D. Wash. Dec. 28, 2017) ("as an online service provider, [Google] is shielded from many infringement claims under the safe harbor protections of the [DMCA]"). As such, Google is not <u>required</u> to comply with the DMCA or even consider any DMCA takedown requests – it does so to take advantage of the statutory safe harbor. More to the point, the text of the DMCA does not provide a cause of action against service providers for not complying with the DMCA:

instead, if a service provider does not comply with the DMCA, it does not qualify for the safe harbor from liability for copyright claims arising from the activities of the service's users. *See id.*; *Shropshire*, 809 F. Supp. 2d at 1147 (service provider may face infringement liability if it does not meet the safe harbor requirements).[8]

Second, the DMCA clearly does not grant Plaintiff an implied private cause of action to prohibit Google from considering fair use when considering take-down notices. *See Love v. Delta Air Lines*, 310 F.3d 1347, 1353-55 (11th Cir. 2002) (court looks to text, history and intent of legislation to see if private cause of action is conferred under federal statute). First, nothing in the text or history of the DMCA suggests that Congress intended for copyright holders to be able to force service providers to comply with the DMCA; nor does it suggest that service providers can be prohibited from considering fair use in processing take down notices. *See* 17 U.S.C. § 512; S. REP. NO. 105-190, at 48, 1998 WL 239623 (1998). *Cf. PortionPac Chem. Corp. v. Sanitech Sys., Inc.*, 210 F.Supp.2d 1302, 1312 (M.D. Fla. 2002) (declining to find implied private cause of action in DMCA). Second, fair use is a defense to a copyright infringement claim – and consideration of "fair use" by Google therefore cannot serve as the basis for an affirmative claim against Google. *DeLima v. Google, Inc.*, 561 F.Supp.3d 123, 136 (D.N.H. 2021) ("Nor is a violation of 'fair use laws' a viable claim, as 'fair use' is a defense … and not a basis for an affirmative claim."). *See also* 17 U.S.C. § 107 ("[F]air use of a copyrighted work … is not an infringement of copyright.").

To the contrary, fair use is an integral part of the statutory scheme.[9] And the DMCA preserves all defenses a service provider might have to infringement claims regardless if they

---

[8] The only cause of action under the relevant DMCA section is against copyright claimants and accused third-party infringers for misrepresentations in their DMCA notices. 17 U.S.C § 512(f).
[9] For instance, the DMCA requires every copyright owner to consider whether the potentially infringing material is a fair use before sending a takedown notice. 17 U.S.C. §§ 512(c)(3)(A)(v) & 512(f); *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 826 F. App'x 766, 771-72 (11th Cir. 2020). The DMCA also allows accused infringers to assert fair use in their counter-notices, and

qualify for the DMCA safe harbors. 17 U.S.C. § 512(l). Accordingly, Plaintiff cannot use the DMCA as a sword to prohibit Google from considering fair use when processing takedown requests.

### B. Plaintiff Fails to Allege a Plausible Claim for Copyright Infringement.

Finally, the Complaint does not plausibly allege a claim for copyright infringement, whether direct or indirect, as the Complaint is too bare and conclusory to meet the requirements of Rule 8 and *Twombly/Iqbal*.

To plead a claim of ***direct*** copyright infringement, the Complaint "must allege facts showing '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Jackson*, 851 F. App'x at 173 (quoting *Feist Publ'ns, Inc. v Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). To plead a claim of ***indirect*** infringement, the Complaint must allege facts showing Google intentionally induced, caused or materially contributed to a third-party's infringement (contributory infringement), or show Google had a direct financial interest in the profits from the infringing activity, with the right and ability to supervise the direct infringer (vicarious infringement). *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1138 n. 19 (11th Cir. 2007); *Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, 2019 WL 3716775, *3 (S.D. Fla. Aug. 7, 2019) (dismissing direct and indirect infringement claims).

The Complaint does not meet the test for either direct or indirect infringement. While the Complaint alleges Plaintiff owns valid copyrights, it offers only conclusory allegations of infringement by third parties. *See, e.g.*, *Affordable Aerial Photography*, 2019 WL 3716775 at *4 (conclusory allegations of copyright infringement could not state claim for relief). As to Google, there are simply no allegations plausibly alleging: 1) Google engaged in any act of direct copyright

---

creates a cause of action for misrepresentation of copyright infringement in takedown and counter notices. 17 U.S.C. §§ 512(f) & 512(g)(3); *see Johnson*, 826 F. App'x at 771-72.

infringement; 2) Google knowingly and intentionally induced, caused or materially contributed to a third-party's infringement; 3) Google is responsible for or has control over any of the URLs identified by Plaintiff or the unidentified third parties responsible for any content published at the URLs; 4) Google has any financial interests or other business relationships with the unidentified third parties; or 5) Google directly received or benefited from the profits arising from a third party's infringement – assuming there were any such profits. The Complaint does not even bother to identify a single Google search result linking to **any** infringing content.

At most, Google is alleged to have operated a search engine that returned search results which led to unidentified infringing content. That is not enough to state a claim for copyright infringement. *See Newborn v. Yahoo!, Inc.*, 391 F.Supp.2d 181, 189-90 (D.D.C. 2005) (dismissing with prejudice contributory infringement claims against Google where the only connection between Google's services and any third-party infringing activity was the mere operation of Google's search engine website).

## CONCLUSION

WHEREFORE, Defendant Google LLC respectfully requests this Court grant its Motion, and dismiss Plaintiff's Complaint without leave to amend and with prejudice.

Respectfully submitted this 17th day of March, 2023.

/s/ Damon J. Whitaker
**BRYAN CAVE LEIGHTON PAISNER, LLP**
Ezequiel J. Romero, Esq.
Florida Bar No. 107216
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Email: Ezequiel.romero@bclplaw.com

Damon J. Whitaker, Esq.
Florida Bar No. 0923591
Kevin Arocha, Esq.

Florida Bar No. 1019330
1201 W. Peachtree St. NW, 14th Floor
Atlanta, GA 30309
Tel: (404) 572-6600
Email: damon.whitaker@bclplaw.com
Email: kevin.arocha@bclplaw.com

*Attorneys for Google LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 17, 2023, a true and correct copy of the foregoing ***Defendant Google LLC's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, with Memorandum of Law*** was served on Plaintiff Abi Roy Dubitzky a/k/a Roy Miller via U.S. Mail at 6220 S.W. 84th Street Miami, Florida 33143 and by email to Roy@millernt.com.

*/s/ Damon J. Whitaker*
Damon J. Whitaker, Esq.

# 606454246